UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JUL 12 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:17CR313 SNLJ/DDN |
| ) | |
| ROBYN SMITH, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

## COUNT I

The Grand Jury charges that:

*Introduction*

1.   At all relevant times, the Defendant Robyn Smith was an employee of a law firm in Mexico, Missouri (the "law firm") which lies within the Eastern District of Missouri.

2.   At all relevant times, Defendant was responsible for paying the law firm's expenses from its bank accounts and was the bookkeeper and tax preparer for the law firm.  Often, Defendant collected fees of the law firm and was expected to deposit them promptly into financial accounts of the law firm.

*The Scheme*

3.   Between on or about January 2011 and continuing through on or about August 2016, with the exact dates unknown, Defendant devised a scheme to embezzle money from the law firm.

4.   It was a part of the scheme that Defendant created false invoices and sales records falsely representing to the managing partner of the law firm that fees had been deposited in the ordinary course of business.

5. It was a further part of the scheme that, having presented the managing partner with a false deposit slip indicating all fees would be deposited, Defendant would from time to time keep cash fees for herself and deposit only fees paid by check.

6. It was a further part of the scheme that Defendant knew the managing partner of the law firm would rely on Defendant's false and fraudulent records.

7. It was a further part of the scheme that Defendant handled all the incoming mail which would evidence her scheme, including mail from the law firm's bank and mail from the Internal Revenue Service.

8. It was a further part of the scheme that Defendant ensured bank statements continued to be sent to the law firm, where she would collect them, so that a presumption of regularity with respect to the firm's affairs was presented to the managing partner and other employees of the law firm.

9. In all, during the life of the scheme, Defendant embezzled and diverted more than $200,000 in fees due and owing the law firm for her own benefit.

*Offense Conduct*

10. On or about March 31, 2016, having devised the foregoing scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**ROBYN SMITH,**

the Defendant herein did send and cause to be sent material by means of the United States Postal Service, to wit: a monthly statement from the law firm's bank to the law firm.

In violation of Title 18, United States Code Section 1341.

## FORFEITURE ALLEGATION

The United States Attorney further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 as set forth in Count I, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s) or involved in such offense(s), or any property traceable to such offense(s).

A TRUE BILL

_____
FOREPERSON

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney